# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN E. CEHULA, JR., ET AL, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-113 |
| | ) | |
| JANUS DISTRIBUTORS, LLC, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

This case stems from an alleged "guarantee", among other fraudulent allegations, made by Defendant to the Plaintiffs assuring them that their respective investments would garner upwards of ten million dollars. More specifically, Plaintiffs' claims arise from the purchase of mutual funds from Defendant. Plaintiffs contend that they suffered investment losses as a result of Defendant's fraudulent misrepresentations, including but not limited to (1) a "guarantee" of success on their investments, *supra*, (*see* Docket No. 8, ¶¶13, 17); (2) Defendant's continual refusal to assign a "personal investment adviser" to Plaintiffs' accounts "on the basis that the Plaintiffs did not have enough money invested with the Defendant", (*see* Docket No. 8, ¶¶20); (3) Defendant's refusal to heed Plaintiffs' request "to be sold out of all Janus funds", (*see* Docket No. 8, ¶¶25), which, in turn, "caused the vast majority of the losses complained of" in Plaintiffs' Complaint, (*see* Docket No. 8, ¶¶26); (4) Defendant's failure to move Plaintiffs' assets upon demand into "safer investment vehicles" and instead continuing "to invest in a risky portfolio of its funds", (*see* Docket No. 8, ¶¶40); and (5) Defendant's refusal to liquidate Plaintiffs' fund holdings upon sell orders, (*see* Docket No. 8, ¶¶41).[1] Based on that, Plaintiffs filed the

---

[1] Plaintiffs provide additional examples of Defendant's alleged fraudulent misrepresentations, which generally repeat the above. *See* Docket No. 8, at ¶¶42-44.

instant action alleging violations of state law as well as common law fraud and breach of contract. For the following reasons, Defendant's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 12] is granted.

## PROCEDURAL BACKGROUND

On January 30, 2007, Plaintiffs filed their Complaint, alleging common law fraud and deceit, violations of the Pennsylvania Unfair Trade Practice / Consumer Protection Law ("UTP/CPL"), 73 Pa. C.S.A. 201-1, *et seq.*, and breach of contract, all stemming from Plaintiffs' investments with Defendant. On April 10, 2007, before Defendant filed a responsive pleading, Plaintiffs filed an Unopposed Motion for Leave to Amend Complaint, which the Court granted the next day. Subsequently, on May 3, 2007, Plaintiffs filed their Amended Complaint, to which they attached copies of applications allegedly entered into between Plaintiffs and Defendant.

On June 6, 2007, Defendant filed the instant motion. After an extension granted by the Court, on July 16, 2007, Plaintiffs filed Plaintiffs' Opposition to the Defendant's Motion to Dismiss. On August 3, 2007, after the Court granted it leave to do so, Defendant filed its Reply Memorandum of Law in Further Support of Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

In the instant motion, Defendant argues that Plaintiffs' Amended Complaint fails to state their claims with the sufficient particularity required under Rule 9(b). In addition, Defendant asserts that Plaintiffs have failed to plead sufficient facts to establish that their claims are timely.

## STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted". Fed.R.Civ.P. 12(b)(6). A 12(b)(6) motion requires the court to examine the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45 (1957) (*abrogated in other respects by Bell Atlantic Corporation v. Twombly*, --- U.S. ---, ---, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).[2] "In determining the sufficiency of the complaint the court must accept all plaintiffs' well-pled material allegations as true and draw all reasonable inferences therefrom in favor of plaintiffs." *McCliment v. Easton Area School Dist.*, Civil Action No. 07-0472, 2007 WL 2319768, at *1 (E.D. Pa. Aug. 10, 2007) (citing *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997)); *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). "The issue is not whether a [Plaintiff] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974)). Under this standard, a complaint will be deemed to have alleged sufficient facts if it adequately puts the plaintiff on notice of the essential elements of

---

[2]

Recently, the Supreme Court refined the standard applied to a motion to dismiss, abrogating the "no set of facts" language from *Conley* and holding that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. Of particular relevance here, the Court in *Twombly* then discussed this refined standard as to Rule 9:

> In reaching *this* conclusion, we do not apply any "heightened" pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished by the process of amending the Federal Rules, and not by judicial interpretation. *On certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires*.

*Twombly*, 127 S.Ct. at 1973 (internal citations and quotations omitted) (first and second emphases added).

defendant's claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir.1997). Overall, "courts have an obligation ... to view the complaint as a whole and to base rulings not upon the presence of mere words, but rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998)).

While a court's review of a motion to dismiss is ordinarily limited to the contents of the complaint, including any attached exhibits, a court may consider some evidence beyond a complaint on a motion to dismiss "including public records ..., documents essential to plaintiff's claim which are attached to defendant's motion, and items appearing in the record of the case." *Core Const. & Remediation, Inc. v. Village of Spring Valley, NY*, No. Civ.A. 06-CV-1346, 2007 WL 2844870, at *2 (E.D. Pa. Sept. 27, 2007) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1380 n.1 and n.2 (3d Cir. 1995)) (internal citation omitted).

Finally, the defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

**ANALYSIS**

As a preliminary matter, the Court notes that jurisdiction in this case rests on the diversity of the parties. 28 U.S.C. § 1332(a)(1). A federal court sitting in diversity must

4

apply the substantive law of the state in which it sits, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), including its choice of law rules, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). However here, there does not appear to be any dispute that Pennsylvania law applies to this case and thus the Court declines to engage in a choice of law analysis. *Rochez Bros., Inc. v. North American Salt Co., Inc.*, Civ. A. No. 94-1131, 1994 WL 735932, at *6 n.8 (W.D. Pa. 1994) (citing *Schiavone Construction Co. v. Time, Inc.*, 735 F.2d 94, 96 (3d Cir. 1984)) ("Because the parties appear to implicitly agree on the applicable choice of law, this Court will not challenge their decision").[3]

1. Rule 9(b)

Federal Rule of Civil Procedure 9 governs pleading of special matters and, of particular relevance here, Rule 9(b) mandates that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). The purpose of Rule 9(b) is "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Industrial Machinery Corporation v. Southmost Machinery Corporation*, 742 F.2d 786, 791 (3d Cir. 1984); *see also In re Burlington Coat Factory*, 114 F.3d at 1418 ("Rule 9(b)'s heightened pleading standard gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements").

---

[3] The Court notes that the purported contracts attached to Plaintiffs' Amended Complaint, entitled "Janus Account Application", are silent as to the governing law.

5

Under Rule 9(b), a plaintiff alleging fraud must plead: "(1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." *Shapiro v. UJB Financial Corporation*, 964 F.3d 272, 284 (3d Cir. 1992). A plaintiff must allege specific statements which show a causal connection between misrepresentations and damages.[4] *Sun Company, Inc. (R & M) v. Badger Design & Constructors, Inc.*, 939 F.Supp. 365, 369 (E.D. Pa.1996) (quoting *HBC Contractors v. Rouse & Associates, Inc.*, Civ.A.No. 91-CV-5350, 1992 WL 176142, at *5 (E.D. Pa. July 13, 1992)). To comply with Rule 9(b), the allegations in a complaint must provide the "who, what, when, where, and how: the first paragraph of a newspaper story would satisfy the particularity requirements." *Sun Company, Inc.*, 939 F.Supp. at 369 (citation omitted). For example, a plaintiff may satisfy Rule 9(b)'s particularity requirement by pleading the "date, place or time" of the fraud, or "through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Lum v. Bank of America*, 361 F.3d 217, 223-224 (3d Cir. 2004) (quoting *Seville*, 742 F.2d at 791).

Here, the Court finds that Plaintiffs' Complaint is devoid of the necessary particularity required under Federal Rule of Civil Procedure 9(b) and the interpreting case law. Plaintiffs plead a plethora of fraudulent allegations, under the common law (for fraud and breach of contract) as well as state law (for violations of UTP/CPL),

---

[4] "There is a special kind of proximate cause requirement for fraud and misrepresentation, and plaintiff must demonstrate that a specific statement *caused* a specific harm." *Sun Company*, 939 F.Supp. at 369 (quoting *Hurt v. Philadelphia Housing Authority*, 806 F.Supp. 515, 530 n.25 (E.D. Pa. 1992) (emphasis in original).

6

including but not limited to the following alleged misrepresentations by Defendant: (1) a guarantee of success as to their investments in excess of ten million dollars, (*see* Docket No. 13, at ¶¶13, 17); (2) the continual denial of a personal investment adviser (upon request by Plaintiffs) until having invested a certain amount, which Defendant increased as Plaintiffs reached said amount, (*see* Docket No. 13, at ¶¶20-23); and (3) the refusal by Defendant to allow Plaintiffs "to be sold out of all Janus funds", (*see* Docket No. 13, at ¶¶25). In addition, Plaintiffs provide specifics as to account numbers and figures.[5] (*See* Docket No. 13, at ¶¶30-34). However, while Plaintiffs plead "the what", i.e., alleged misrepresentations by Defendant, *supra*, and, to a certain extent, "the who"[6], Plaintiffs' Amended Complaint fails to plead "the when" as well as "the where" and "the how". First, as to "the when", Plaintiffs' Amended Complaint provides no dates, times, or places of any alleged fraud whatsoever[7], with the exception of the date when Defendant was licensed to do business in Pennsylvania, *see* Docket No. 13, at ¶4 (June 9, 1993), and Defendant's advertisement of having $158.3 Billion in assets and 1,489 employees, *see*

---

[5]

While Plaintiffs provide painstaking detail as to account numbers and figures therein, the Court notes that said details do not represent particularity as to the alleged fraud and/or misrepresentations. While such information may be pertinent as to damages and causation, Rule 9(b) requires particularity as to the alleged fraud, i.e., Defendant's alleged misrepresentations. *See e.g., Seville*, 742 F.2d at 791 (providing that plaintiff "adequately satisfied the requirements of Rule 9(b) by incorporating into the complaint a list identifying with great specificity the pieces of machinery that were the subject of the alleged fraud" and "divided this list into five 'exhibits' and identified which pieces of equipment were the subject of which alleged fraudulent transaction").

[6]

In Plaintiffs' 111-paragraph Amended Complaint, Plaintiffs dedicate one subparagraph to identifying "the who": "As a result [of Plaintiffs' alleged fraud], the Plaintiffs would make calls to the Defendant, only to speak to a different person each time, with such persons not identifying themselves to the Plaintiffs by name, thus making it impossible to detail the people with whom the Plaintiff spoke." (Docket No. 8, at ¶56.b).

[7]

As noted by Defendant, Plaintiffs failed to even allege the date that they opened and/or closed their accounts with Janus. Nevertheless, Defendant provides said dates.

7

Docket No. 13, at ¶¶8, 10 (as of September 30, 2006). *See United Products Corp. v. Admiral Tool & Mfg. Co.*, 122 F.Supp.2d 560, 566 (E.D. Pa. 2000) (finding that plaintiffs' complaint met Rule 9(b) requirements where it "indicate[d] what the fraud was, when it occurred, who committed it, and how it adversely affected Plaintiffs"). Instead, Plaintiffs' Amended Complaint leaves Defendant (and the Court) to speculate. Second, as to "the where" and "the how", Plaintiffs provide no further specifics as to the circumstances surrounding the alleged fraud; on the contrary, Plaintiffs' allegations are general and vague. Without more here, either in the form of "date, time, and place" or some "alternative means of injecting precision and some measure of substantiation into their allegations of fraud", the Court finds that Plaintiffs' Amended Complaint has failed to provide adequate notice to Defendants.[8]

In their response, while Plaintiffs acknowledge the heightened pleading standard under Rule 9(b), their response brief merely recites the standard and fails to build a bridge from the applicable law to the instant facts. For example, Plaintiffs note the standard under *Seville*, i.e., in order to meet the requirements of Rule 9(b), a pleading party may allege "date, place or time" of fraud or the "use [of] alternative means of injecting precision and some measure of substantiation into their allegations of fraud."

---

8

The Court notes that while allegations of "date, time, and place" fulfill the requirements of Rule 9(b), said Rule does not *per se* require as much and a complaint sounding in fraud may survive without as much. *See Alfaro v. E.F. Hutton & Co., Inc.*, 606 F.Supp. 1100, 1107-1108 (D.C. Pa. 1985) ("It is certainly true that allegations of "date, place or time" fulfill [the functions of Rule 9(b), i.e., placing the defendants on notice of the precise misconduct with which they are charged and safeguarding defendants against spurious charges of immoral and fraudulent behavior], but nothing in the rule requires them"). On the contrary, Rule 9(b) requires a plaintiff to plead the "circumstances" of the alleged fraud with "sufficient particularity" in order to place the Defendants on notice of the precise conduct with which they are charged. (*See* Fed.R.Civ.P. 9(b)); *Seville*, 742 F.2d at 791. In other words, "date, time or place" facts represent merely one example of how a pleading may meet the particularity requirements of Rule 9(b).

*Seville Indus. Machinery Corp.*, 742 F.2d at 791. Such a reference begs the question, which did Plaintiffs plead here? The answer, in the Court's view, is neither; and thus, Plaintiffs' Amended Complaint falls short under Rule 9(b) and the interpreting case law.

2.  *Statute of limitations*

In addition to attacking the substance of Plaintiffs' Amended Complaint, Defendant also asserts that Plaintiffs have failed to allege sufficient facts to show that their claims are timely brought.[9] In response, Plaintiffs argue that the discovery rule tolls the statute of limitations.[10]

   a.  *Discovery rule*

Under Pennsylvania's discovery rule, the statute of limitations will not begin to run until "the plaintiff reasonably knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *In re: Mushroom Transp. Co. Inc.*, 382 F.3d 325, 338 (3d Cir. 2004) (quoting *In re TMI Litig.*,

---

[9] As to the claims pled in Plaintiffs' Complaint, (1) fraud is subject to a two-year statute of limitations, 42 Pa. C.S.A. § 5524; *AAMCO Transmissions, Inc. v. Harris*, 759 F.Supp. 1141, 1144 (E.D. Pa. 1991); (2) a claim for breach of contract is subject to a four-year statute of limitations, 42 Pa. C.S.A. § 5525(8); and (3) a claim under UTP/CPL is subject to a six-year statute of limitations, 42 Pa. C.S.A. § 5527(b); *Gabriel v. O'Hara*, 534 A.2d 488, 394 (1987) (providing that the six-year "catchall" limitations period applies to actions under UTP-CPL); *Falbo v. State Farm Life Ins. Co.*, No. CIV. A. 96-5540, 1997 WL 116988, at *9 (E.D. Pa. Mar. 13, 1997) (CPL claim). In addition, Defendants assert that the statute of limitations applicable to a claim for securities fraud under the Securities Exchange Act of 1934 (presumably a violation of section 10-b, 15 U.S.C. § 78j(b), as well as Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5) is either (1) one year after the plaintiff discovered facts constituting the violation or (2) three years after the violation. Docket No. 13, at 2 n.1). However, due to recent developments as to the applicable statute of limitations that *may* apply here, *see In Re Exxon Mobil Corp. Securities Litigation*, 500 F.3d 189 (3d Cir. Aug. 27, 2007), the Court declines to endorse Defendant's assessment as to the applicable statute of limitations at this time. Nevertheless, the Court notes that Plaintiff's Amended Complaint does not appear to state a cause of action for securities fraud.

[10] While Plaintiffs specifically cite the discovery rule, their Amended Complaint and response also sound in fraudulent concealment, (*see* Docket No. 8, ¶¶51, 92), and thus the Court will also address the same.

89 F.3d 1106, 1116 (3d Cir.1996)); *see also Beauty Time, Inc. v. VU Skin Systems, Inc.*, 118 F.3d 140, 144 (3d Cir. 1997) (quoting *Urland v. Merrell-Dow Pharmaceuticals*, 822 F.2d 1268, 1271 (3d Cir. 1987) ("It is well-established that Pennsylvania law recognizes an exception to the statute of limitations which "delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause")).

"A plaintiff who wishes to assert the discovery rule may do so in one of two ways: 1) by pleading in the complaint sufficient facts to sustain application of the rule; or 2) by waiting until the defendant asserts a statute of limitations defense in new matter and then raising the discovery rule in a responsive pleading." *Prevish v. Northwest Medical Center Oil City Campus*, 692 A.2d 192, 197 (Pa. Super. 1997) (citing *Fox v. Byrne*, 525 A.2d 428 (Pa. Super. 1987)); *see also Coyne v. Porter-Hayden Co.*, 428 A.2d 208, 210 (Pa. Super. 1981) ("A plaintiff invoking the discovery rule to delay the commencement of the period of limitations must allege in his or her pleadings facts which show why the action could not have been brought earlier"); *Morrison v. Diocese of Altoona-Johnstown*, No. 1236 of 2004, 2004 WL 3141330, 68 Pa. D.&C. 4th 473, 478 (Pa. Com. Pl. 2004). Here, the Court finds that Plaintiffs have failed to plead any facts let alone sufficient facts to sustain the application of the discovery rule. *See In re Harvey*, No. 02-32412DWS, 02-1386, 2003 WL 21460063, at *9-10 (Bkrtcy. E.D. Pa. June 9, 2003) (providing that "[t]he Complaint pleads no facts that would implicate the discovery rule or equitable tolling" but allowing plaintiff to amend in order to plead facts in support thereof). While Plaintiffs generally discuss the legal standard applied to the discovery rule in their responsive brief, they fail to point to any factual allegation in their Amended Complaint

in support of the application of said rule *in this case*. In other words, once again, Plaintiffs fail to apply the law to the instant facts.[11]

b.  *Fraudulent concealment*

It is generally accepted that the three elements which must be alleged to establish fraudulent concealment are (1) wrongful concealment of its actions by defendant; (2) failure of the plaintiff to discover the operative facts or the basis of his cause of action within the limitations periods; and (3) plaintiff's due diligence until discovery of the facts. *Bethlehem Steel Corp. v. Fischbach and Moore, Inc.*, 641 F.Supp. 271, 273 (E.D. Pa. 1986) (citation omitted). On a motion to dismiss, the relevant inquiries are two-fold:

> first, the Court must determine whether, accepting the allegations in the Complaint as true, the plaintiffs have stated a claim for fraudulent concealment, *see Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and second, the Court must determine whether the plaintiffs have alleged underlying acts of fraudulent concealment with particularity as required by the heightened pleading standard for fraud claims provided by Rule 9(b), Fed.R.Civ.P., *see Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984).

*Emerson Elec. Co. v. Le Carbone Lorraine, S.A.*, 500 F.Supp.2d 437, 448 (D. N.J. 2007) (as to a federal conspiracy claim).

Courts employ the "same 'knew or should have known' standard whether the statute is tolled because of the discovery rule or because of fraudulent concealment." *Beauty Time*, 118 F.3d at 144 (citing *Urland*, 822 F.2d at 1273). Moreover, a "plaintiff's

---

11

Nevertheless, despite the requirements of Rule 9(b), the Court is "sensitive to the fact that application of the Rule prior to discovery may permit sophisticated defrauders to successfully conceal the details of their fraud." *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 284 (3d Cir. 1992) (internal quotations and end citation omitted). Accordingly here, the Court will allow Plaintiffs to amend their Amended Complaint.

allegations must be sufficiently specific to satisfy the requirements of Fed.R.Civ.P. 9(b)." *Id.*; *see also*, *Davis v. Grusemeyer*, 996 F.2d 617, 624 (3d Cir. 1993), *abrogated on other grounds by Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998).

While Plaintiffs fail to direct the Court accordingly, based on the Court's independent review of the Amended Complaint, it appears that Plaintiffs' attempt to set forth facts in support of fraudulent concealment in paragraph 92, which provides:

> At no time did the Plaintiffs know of the omissions and the misrepresentations of material fact as committed by the various employees of the Defendant. Further, even through the use of reasonable diligence, there is no way that the Plaintiffs could have known thereof, due to the fraudulent nature of the concealment thereof by the Defendant, especially in view of the trust which they had placed in the Defendant.

(Docket No. 8, ¶92); (*see also* Docket No. 8, ¶51) (providing substantially the same).

The Court finds that while Plaintiffs implement all the appropriate "buzz" words in support of fraudulent concealment, they have failed to plead sufficiently specific facts in order to afford protection of their claims by the fraudulent concealment doctrine. *See Denison v. Kelly*, 759 F.Supp. 199, 210 (M.D. Pa. 1991) (providing that plaintiffs' complaint spoke in "conclusional language" and lacked "sufficiently specific" allegations; for example, while they listed some specific examples, "the examples given [we]re not specific enough because the plaintiffs have also not set forth how often these events happened, when they happened, and the circumstances under which these communications were made to the plaintiffs, including who initiated the contact leading to the communications and whether they were written or oral"); *Kiev v. Dion*, Civ. A. No. 87-6404, 1987 WL 13445, at *4 (E.D. Pa. June 30, 1987) (providing that because the

viability of defendant's statute of limitations argument may depend on when plaintiffs knew or should have known of the fraud, ... plaintiffs must amend their complaint to specifically plead fraudulent concealment. This should include facts showing when and how the fraud was discovered; the reason why it was not discovered earlier; and the diligence plaintiffs undertook in making their discovery") (internal citations omitted). Plaintiffs' purported assertion of fraudulent concealment is merely conclusory in nature and wholly lacking in any specificity; thus, the Court finds that Plaintiffs' Amended Complaint fails to meet the particularity requirements of Rule 9(b) as to the fraudulent concealment doctrine.

c. *Due diligence*

As to both the discovery rule and fraudulent concealment, the Court now addresses the issue of due diligence.

A plaintiff relying on the discovery rule and/or the fraudulent concealment doctrine bears the burden of demonstrating that he exercised reasonable diligence in determining the existence and cause of his injury. *Mest v. Cabot Corp.*, 449 F.3d 502, 511 (3d Cir. 2006) (citing *Cochran v. GAF Corp.*, 666 A.2d 245, 249 (1995)). To demonstrate reasonable diligence, a plaintiff must "establish[ ] that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *Id.* (citing *Cochran*, 666 A.2d at 250) (internal quotation marks and citations omitted). A court's determination as to whether the plaintiffs exercised due diligence to uncover their claim "implicates factual questions as to when plaintiff discovered or should have discovered the elements of the cause of action." *Mathews v.*

*Kidder, Peabody & Co.*, 260 F.3d 239, 250 (3d Cir. 2001) (quoting *Davis*, 996 F.2d at 623 n. 10.). "On a motion to dismiss, therefore, the issue is whether plaintiffs have alleged facts which, if accepted as true, establish that they exercised due diligence." *In re Elec. Carbon Products Antitrust Litigation*, 333 F.Supp.2d 303, 317 (D. N.J. 2004) (citing *Mathews*, 260 F.3d at 250).

Here, Plaintiffs have not plead any facts in support of a finding of due diligence, except to draw such a conclusion on two separate occasions, (*see* Docket No. 8, at ¶¶51, 92). In the Court's view, such pleading is insufficient. *In re Elec. Carbon Products*, 333 F.Supp.2d at 317 (finding "that plaintiffs have plead the due diligence factor of the fraudulent concealment inquiry with sufficient particularity" where, in a conspiracy action, plaintiffs provided a specific factual basis for their allegation that there were no "suspicious circumstances" or "storm warnings" alerting them to possible fraud until family members of defendants pled guilty to price-fixing); *Davis*, *supra*, 996 F.2d at 624 n.13 (providing that plaintiff's "fraudulent concealment claim-which is subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b), *see Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984)-was not pled with sufficient particularity in the complaint").[12]

---

12

The Court acknowledges that "[a]s a general rule, rejection of a fraudulent concealment claim on the pleadings for failure to allege due diligence is not appropriate." *In re Pressure Sensitive Labeldstock Antitrust Litigation*, 2006 WL 433891, at *4 (M.D. Pa. 2006) (citing *In re Mercedes-Benz*, 157 F.Supp.2d at 373-74; *Bethlehem Steel*, 641 F.Supp. at 275 ("Whether a party has exercised due diligence is a factual issue which cannot be decided on a motion to dismiss unless it appears beyond doubt that plaintiff can prove no facts to support the claim")). However, the Court makes no ruling as to whether Plaintiffs actually exercised due diligence here; instead, the Court finds that Plaintiffs have failed to plead sufficient facts in support thereof. Nevertheless, even assuming *arguendo* that Plaintiffs had done so, Plaintiffs' Amended Complaint still fails to meet the requirements of the discovery rule and/or the fraudulent concealment doctrine, *see supra*. *See Fitch v. Radnor Industries, Ltd.*, Civ. A. No. 90-2084, 1990 WL 150110, at *3-4 (E.D. Pa. Sept. 27, 1990) (assuming that plaintiff could assert due diligence, the Court found that the amended complaint still failed to plead the acts

D.   *Fiduciary relationship*

Finally, on at least two separate occasions in its Amended Complaint, Plaintiffs highlight the fact that Defendant acted as a fiduciary to them. (*See* Docket No. 8, at ¶¶51, 92). While Plaintiffs fail to elaborate further in their response brief, the Court notes "that the Third Circuit has not recognized an exception to the discovery rule in the fiduciary-defendant context." *Gurfein v. Sovereign Group*, 826 F.Supp. 890, 918 (E.D. Pa. 1993).

**ORDER**

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 12] without prejudice in that the Court grants Plaintiffs leave to amend their Amended Complaint on or before December 3, 2007, in accordance with this Memorandum Opinion.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: November 2, 2007

cc:   All counsel of record

---

necessary to support the application of the doctrine of fraudulent concealment with the specificity required by Rule 9(b) and thus, the "doctrine [wa]s unavailable ... to plaintiff as the vehicle to save his otherwise time-barred claims").

In the same manner, the Court expresses no opinion and makes no ruling as to the applicability of either the discovery rule or the fraudulent inducement doctrine or as to the date when Plaintiffs knew or should have known of their alleged injuries. On the contrary, the Court finds that Plaintiffs have failed to plead facts in their Amended Complaint sufficient to meet the requirements of the discovery rule and the fraudulent concealment doctrine under case law and the Federal Rules.