# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN E. CEHULA, ET AL., <br>     Plaintiffs, <br><br> v. <br><br> JANUS DISTRIBUTORS, LLC, <br>     Defendant. | Civil Action No. 07-113 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This matter is before the Court on a Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 33], filed by Defendant Janus Distributors, LLC on December 24, 2007, in which Defendant moves to dismiss all claims for failure to plead with particularity in compliance with Federal Rule of Civil Procedure 9(b), or in the alternative, moves to dismiss Plaintiffs' fraud and breach of contract claims because they are time barred by the statute of limitations.

While the Court recognizes that Plaintiffs' Second Amended Complaint is hardly a paradigm of detail, the Court is " 'sensitive' to the fact that application of [] Rule [9(b)] prior to discovery 'may permit sophisticated defrauders to successfully conceal the details of their fraud.' " *Shapiro v. ULB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992) (citing *Christidis v. First Pa. Mortgage Trust*, 717 F.2d 96, 99 (3rd Cir. 1983)). "Accordingly, the normally rigorous particularity rule has been relaxed somewhat where the factual information is peculiarly within the defendant's knowledge or control." *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1418 (3d Cir. 1997) (citing *Shapiro*, 964 F.2d at 285)). Here, the Court finds that because of the nature of Plaintiffs' claims, i.e., allegations of corporate fraud and misconduct as to investors, much of the relevant information is in the hands of Defendant. Accordingly, the Court concludes that the instant matter

should proceed to discovery (at least in some form) in order to shed light on the specifics of Plaintiffs' claims.[1]

With the above in mind and considering the standard at the pleading stage, particularly in light of the Supreme Court's recent ruling in *Bell Atlantic Corporation v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) as well as the Third Circuit's interpretation of *Bell Atlantic* in *Phillips v. Count of Allegheny*, --- F.3d ---, 2008 WL 305025, at *6 (3d Cir. Feb. 5, 2008), the Court **DENIES** Defendant's Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 33].

Defendant shall have until March 10, 2008, within which to file a responsive pleading to Plaintiffs' Second Amended Complaint.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

Date: February 19, 2008.

---

[1] In particular, the Court opines that Defendant's statute of limitations' argument in support of dismissal *may* be best asserted after some discovery on a motion for judgment on the pleadings or an early and abbreviated motion for summary judgment, specifically, as to what the Plaintiffs knew or should have known (if anything) in or about January of 2003. The Court opines that this information will come out in Plaintiffs' respective depositions. However, at this early stage, the Court feels that dismissal on the statute of limitations is speculative and premature.