# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN E. CEHULA. JR., ET AL., ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JANUS DISTRIBUTORS, LLC, ) <br> Defendant. ) | Civil Action No. 07-113 <br> Judge Nora Barry Fischer |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiffs Stephen E. Cehula, Ann Marie Cehula, and Juli Dean Cehula's Motion to Reconsider [60] filed on July 28, 2008. On August 8, 2008, Defendant Janus Distributors, LLC, filed its Response in Opposition to Plaintiffs' Motion to Reconsider. (Docket No. 61). In their motion, Plaintiffs request the Court to reconsider its July 23, 2008 Memorandum Opinion and Order, which granted Defendant's Motion for Summary Judgment. (Docket No. 59).

Plaintiffs first contend that the Court failed to consider their assertion that Mr. Cehula was repeatedly denied a personal investment advisor. (Docket No. 60 at 2). According to Plaintiffs, Defendant misrepresented the fact that a personal investment advisor would be provided to help assist them in managing their accounts once they reached a certain investment "milestone." *Id*. Plaintiffs contend that once they reached a certain milestone, they would be told by Defendant that they needed to reach an even higher milestone before they were granted a personal investment advisor. *Id.* Plaintiffs now claim that it was this misrepresentation surrounding the availability of a personal investment advisor, and not the Defendant's alleged refusal to honor a sell order in 2001,

that caused their alleged losses.[1] (Docket No. 60 at 4). In its Memorandum of Law in Opposition to Plaintiffs' Motion to Reconsider, Defendant argues that Plaintiffs' new theory fails for three reasons: (1) it was not pled in Plaintiffs' Second Amended Complaint; (2) Plaintiffs failed to assert this theory in their Brief in Opposition to Summary Judgment; and (3) Plaintiffs' new theory still entirely hinges on Defendant's alleged refusal to honor Plaintiffs' sell order, which the Court found was not actionable under the UTP/CPL. (Docket No. 61 at 8).

Plaintiffs further contend that the Court failed to consider that the alleged order given by Plaintiffs to liquidate their account holdings was "refused" by Defendant in 2001, an action which is prohibited in the securities industry.[2] (Docket No. 60 at 3). In its Memorandum Opinion, the Court found that any such refusal would constitute nonfeasance and would therefore be non-actionable under the UTP/CPL. *Cehula v. Janus Distributors, LLC*, Civil Action No. 07-113, 2008 WL 2890874, at *11 (W.D. Pa. July 23, 2008) (citing *Fass v. State Farm Fire & Cas. Co.*, Civil Action No. 06-02398, at *2 (E.D.Pa. July 26, 2006) (providing that "the UTPCPL only protects plaintiffs against a defendant's malfeasance; nonfeasance is not covered by the statute.")). As Defendant recognizes, Plaintiffs do not address the Court's holding in this respect. (Docket No. 61 at 7). Furthermore, Defendant contends that Plaintiffs fail to provide any legal authority from which the Court could find that an alleged refusal of a sell order could be anything other than non-actionable nonfeasance. *Id.*

---

[1]
In their Second Amended Complaint, Plaintiffs alleged that the Defendant's refusal to honor Plaintiffs' request to be sold out of all Janus Funds "caused the vast majority of the losses complained of today." (Docket No. 8 at ¶¶25-26).

[2]
Plaintiffs merely state, without support, that "a refusal to honor a buy or sell order is a violation of the Rules to which brokers are bound to follow." (Docket No. 60 at 3).

Finally, Plaintiffs contend that the Court failed to consider Plaintiffs' proposition that Defendant failed to obtain a written power of attorney from Mrs. Cehula authorizing Mr. Cehula to manage her IRA account, and therefore unlawfully permitted Mr. Cehula to trade in this account. (Docket No. 60 at 5). Plaintiffs initially raised this argument in their Response to Defendant's Motion for Summary Judgment, and attached affidavits of Mr. and Mrs. Cehula in support thereof. (Docket No. 54 at 14). In its Memorandum Opinion, the Court applied the sham affidavit doctrine to the affidavits submitted by Plaintiffs that allegedly supported this proposition. *Cehula*, 2008 WL 2890874, at *8. Without explaining the contradictions between their affidavits and deposition testimony which led the Court to apply the sham affidavit doctrine in its Memorandum Opinion, Plaintiffs merely claim that "the brokerage industry is highly regulated and the mere say-so of a spouse is not enough to permit certain trades to take place in his or her account." (Docket No. 60 at 5). Plaintiffs do not provide the Court with any such brokerage industry regulation yet claim that the Defendant's actions in this respect constitute a new cause of action. *Id*. at 5-6. Furthermore, as Defendant contends, Plaintiffs have not asserted a claim against Defendant for any violation of securities laws or brokerage industry regulations. (Docket No. 61 at 11). Indeed, Plaintiffs' only claim before the Court is brought under the UTP/CPL. *Id.*

Before beginning an analysis of Plaintiffs' arguments in support of their Motion to Reconsider, the Court recognizes Plaintiffs' failure to comply with Local Rule 56.1 in their Response to Defendant's Motion for Summary Judgment, a failure which led to all of the Material Facts offered by Defendant in its Motion for Summary Judgment to be deemed admitted. (Docket No. 60 at 1). While conceding their failure, Plaintiffs assert that they "did not take issue with the contents of the Defendant's Statement of Material Facts, and, in fact, adopted many of them to show that

3

genuine issues of material fact do, indeed, exist in this case." (Docket No. 60 at 1). In so doing, however, Plaintiffs admitted material facts such as: (1) Janus made no misrepresentations of fact with respect to any of the funds which Mr. Cehula and his family purchased; (2) Mr. Cehula knew it would take time for his accounts to reach the $10 million level; (3) Mr. Cehula ultimately chose not to liquidate the four accounts during the late winter of 2001 telephone call; and (4) Mr. Cehula's decision to liquidate the four accounts at issue on January 24, 2003 was based on the combination of the market becoming stagnant and his becoming tired of waiting for his investments to grow. (Defendant's Facts at ¶¶ 56, 79, 83, 90). Furthermore, Plaintiffs chose not to retain an expert, or depose any representative of Defendant, to demonstrate that the alleged $10 million guarantee or denial of a personal investment advisor, were, in fact, misrepresentations or causes of Plaintiffs' alleged losses. As Defendant correctly acknowledges, the only evidence that Plaintiffs offered in opposition to Summary Judgment was their own deposition testimony, the same testimony which Defendant relied on it is Motion for Summary Judgment. (Docket No. 61 at 4). Despite Plaintiffs' argument that genuine issues of material facts were present, the Court found no material fact in the record before it to defeat Defendant's Motion for Summary Judgment. The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp., v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). Such motion should only be granted "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d

1194, 1218 (3d Cir. 1995). A motion for reconsideration will not be granted if the moving party is merely asking the court to "rethink what has already been decided." *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

The Court finds Plaintiffs' arguments in support of their Motion to Reconsider unpersuasive. Plaintiffs continue to re-argue the positions set forth in their Response to Defendant's Motion for Summary Judgment, and they appear to be requesting that the Court merely "rethink what has already been decided." *Id*. Plaintiffs fail to establish, let alone argue, that there is new evidence or an intervening change in controlling law that was not available when the Court ruled upon Defendant's Motion for Summary Judgment. *See In re Loewen Group Inc. Securities Litigation*, No. Civ.A. 98-6740, 2006 WL 27286, at *1 (E.D. Pa. Jan. 5, 2006) (citation omitted) ("In a motion for reconsideration, the burden is on the movant ... to show 'manifest' errors of law or fact or new evidence"). Nor do Plaintiffs argue that there has been a change in controlling law applicable to their UTP/CPL claim since the Court entered its Order granting Defendant's Motion for Summary Judgment.

Instead, Plaintiffs continue to assert that Defendant made misrepresentations of fact rising to a level that triggers liability under the UTP/CPL. The Court, however, considered these same arguments in its analysis of Defendant's Motion for Summary Judgment and Plaintiffs' response. Importantly, the Court recognized in its Memorandum Opinion that Plaintiffs conceded that Defendant made no misrepresentations of fact with respect to any of the mutual funds purchased from Defendant. *Cehula*, 2008 WL 2890874, at *9. As the Court ruled, Defendant must have made a misrepresentation of fact in order for Plaintiffs to recover under the UTP/CPL. *Id.*

With respect to Defendant's alleged denial of a personal investment advisor, which Plaintiffs

5

now claim is the true misrepresentation made by Defendant, the Court found that it "could find no instance in any of Plaintiffs' filings with this Court in which Plaintiffs claim that the denial of a personal investment advisor caused any of the losses complained of." *Cehula,* 2008 WL 2890874, at *10. In order to succeed under the UTP/CPL, a plaintiff must be able to establish that an alleged misrepresentation by a defendant caused their loss. *Cehula*, 2008 WL 2890874, at *11 (citing *Weinberg v. Sun Co.*, 740 A.2d 1152, 1169 (Pa.Super. 1999)). Despite Plaintiffs' contentions to the contrary, the Court did not fail to consider Plaintiffs' assertion that they were allegedly promised, and subsequently denied, a personal investment advisor. The Court considered this allegation, but found that Plaintiffs failed to present any evidence that the alleged denial caused their alleged losses, a key element to any UTP/CPL claim. *Id.* In their Motion to Reconsider, Plaintiffs again fail to present such evidence.

Furthermore, with respect to Plaintiffs' argument that the court failed to consider the alleged refusal of Plaintiffs' sell order in 2001, an action that they claim is prohibited in the securities industry,[3] the Court stresses that the present action is brought under the UTP/CPL. As discussed in its Memorandum Opinion, the Court found that a defendant's nonfeasance, such as a refusal to honor a sell order, is not actionable under the UTP/CPL. *Cehula*, 2008 WL 2890874, at *11. In their Motion to Reconsider, Plaintiffs fail to point to an error of law or fact with respect to this finding. Moreover, Plaintiffs' Motion to Reconsider is devoid of any discussion regarding the issue of a defendant's liability for nonfeasance under the UTP/CPL.

Finally, with respect to Plaintiffs' proposition that a new cause of action exists with regard

---

[3] The Court notes that Plaintiffs fail to cite to any case law, statute or regulation to support this argument.

to Mr. Cehula's management of Mrs. Cehula's IRA account, Defendant correctly points out that this alleged lack of written authorization was not pled in Plaintiffs' Second Amended Complaint (Docket No. 32) and, therefore, is not before the Court. (Docket No. 61 at 3). Further, as Defendant argues, Plaintiffs fail to explain how the trades that Mr. Cehula allegedly made with respect to his wife's IRA in the absence of a written power of attorney, but with her actual consent constitute a violation of the UTP/CPL. *Id.* Nor have Plaintiffs explained how Defendant's actions in this respect constitute a misrepresentation or caused any of their alleged losses.[4]

As the Court found it its Memorandum Opinion, in order to succeed on a claim brought under the UTP/CPL, Plaintiffs must demonstrate, at a minimum: (1) that the Defendant made a false misrepresentation; (2) which Plaintiffs justifiably relied upon; and (3) suffered loss as a result of such reliance. *Cehula*, 2008 WL 2890874, at *9. In their Motion to Reconsider, Plaintiffs have failed to point to an error of law or fact made by the Court with respect to the application of this standard to Plaintiffs' claim. In the Court's estimation, Plaintiffs are merely requesting that the Court "rethink what has already been decided." *Glendon*, 836 F.Supp., at 1122. Accordingly, given the standard for reconsideration and in the interests of judicial economy and efficiency, this Court DENIES Plaintiffs' Motion for Reconsideration[60]. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: August 21, 2008
cc/ecf: All counsel of record

---

[4] The question of whether Defendant's actions in this regard violate a brokerage industry regulation, as Plaintiffs suggest without citing to any such regulation, is not before the Court.